# Death Penalty

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN TEEK NAKAHARA, ) | CASE NO. CV 05-04604 DDP |
| ) | |
| Petitioner, ) | **DEATH PENALTY CASE** |
| ) | |
| v. ) | |
| ) | PROTECTIVE ORDER RE |
| ROBERT L. AYERS, JR., Warden, ) | DISTRICT ATTORNEY FILES |
| California State Prison at ) | |
| San Quentin, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the parties' submission of a Stipulation for Protective Order Re District Attorney Files. The parties have stipulated as follows:

**I.  RELEVANT FACTS**

Counsel for Petitioner issued and served a deposition subpoena *duces tecum* dated January 25, 2008 on the Los Angeles County District Attorney seeking production, inspection, and copying of:

cc: CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator);

cc: Death Penalty H/C (Law Clerks)

A. Request No. 1: Any and all documents created, produced, received and /or maintained by the Los Angeles County District Attorney's Office that reflect and/or relate to any written and/or oral communications related to and/or regarding the decisions to seek the death penalty in the matter of *People v. Nakahara*, Case No. NA000163.

   B. Request No. 2: Any and all documents created, produced, received and/or maintained by the Los Angeles County District Attorney's Office that reflect and/or relate to any and all law enforcement investigation(s) in the matter of *People v. Nakahara*, Case No. NA000163.

   C. Request No. 3: Any and all documents created, produced, received and/or maintained by the Los Angeles County District Attorney's Office that reflect and/or relate to any written and/or oral communication(s) with witnesses who testified at trial (guilt and/or penalty phase) in the matter of *People v. Nakahara*, Case No. NA000163.

   D. Request No. 4: Any and all documents created, produced, received and/or maintained by the Los Angeles County District Attorney's Office that reflect and/or relate to any written and/or oral communication(s) with witnesses who did not testify at trial (guilt and/or penalty phase) in the matter of *People v. Nakahara*, Case No. NA000163.

   E. Request No. 5: Any and all documents created, produced, received and/or maintained by the Los Angeles County District Attorney's Office that reflect and/or relate to any reports of forensic and/or scientific analyses performed upon any physical evidence in the matter of *People v. Nakahara*, Case No. NA000163.

In response to the subpoena duces tecum of January 25, 2008, the Los Angeles County District Attorney maintains and asserts that it has a legitimate need to:

    A.    Limit access to information about internal decision making for the conduct and course of prosecutions; and

    B.    Meet its obligations to maintain confidentiality and/or privacy of information as required by statute and judicial decision, and to assure personal safety of potential witnesses in its prosecutions.

The parties are desirous to resolve the disputes about disclosure and use of information acquired by Petitioner from the Los Angeles County District Attorney's Office and its personnel. They have therefore stipulated that the regulations and protections set out *post* shall govern the use of the Protected Documents. The Protected Documents are defined as: any and all documents previously produced by the Los Angeles County District Attorney to Petitioner in Los Angeles County Superior Court Case No. NA000163; all documents to be produced the the Los Angeles County District Attorney to Petitioner consisting of attorneys' notes and memoranda ("attorney work product") pertaining to Case No. NA000163; documents protected by the Official Information privilege under federal and state law; documents containing personal information of individuals, the release of which may jeopardize their safety; and any other document the parties agree to produce and/or the Court orders to be produced pursuant to this Protective Order.

**II.  ORDER**

The Court having reviewed the relevant facts and the parties' stipulation relating to the documents as set forth above, it is hereby ordered that:

    **A.**    **Scope of Order**

        1.    The Protected Documents shall be used solely in connection with the preparation for and use in this habeas corpus case, or any appellate proceedings related to this habeas corpus case, and not for any other purpose, including any other litigation. This limitation shall not

1      preclude Petitioner's attorney of record in this case from indicating,
2      in connection with discovery or a discovery motion in another
3      action, an awareness of the Protected Documents without disclosing
4      the substance of the confidential information contained therein.
5   2. The Protected Documents shall be treated as confidential by
6      Petitioner and his counsel and shall not be further disclosed,
7      disseminated or otherwise distributed except as provided in this
8      Protective Order.
9   3. The Protected Documents, or any portion thereof, may not be
10     disclosed, distributed, or disseminated except as provided in
11     paragraph 4 below.
12  4. The Protected Documents, or any portion thereof, may only be
13     disclosed to the following persons:
14     a. Counsel for the parties and specifically not to Petitioner Evan
15        Teek Nakahara;
16     b. Paralegal, stenographic, clerical and secretarial personnel
17        regularly employed by counsel referred to in subparagraph 4a
18        above;
19     c. Court personnel, including stenographic reporters engaged in
20        such proceedings as are necessary incidental to preparation
21        for proceedings in this habeas corpus case;
22     d. Expert witnesses designated by counsel for Petitioner solely
23        for the purpose of this litigation.
24  5. With the exception of court personnel and those persons identified in
25     paragraph 4 above who are presumed to know the content of this
26     Protective Order, each person to whom disclosure of any portion of
27     the Protected Documents is made shall, prior to the time of
28     disclosure, be provided with a copy of this Protective Order by the

4

person furnishing such material, and shall agree on the record, or in writing that he/she has read the Protective Order and that he/she understands and agrees to be bound by the provisions thereof.

6. With the exception of court personnel and those persons identified in paragraph 4 above who are presumed to know the content of this Protective Order, each person to whom disclosure of any portion of the Protected Documents is made shall, prior to the time of disclosure, consent in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with regard to any proceedings relating to enforcement of this order, including but not limited to any proceeding for contempt.

7. Unless disclosure is made on the record, counsel making the disclosure to any person described above shall retain the original executed copy of the parties' stipulation submitted in conjunction with this Protective Order until final termination of this litigation.

8. Any portion of the Protected Documents that are filed with the Court that were not part of the public filing shall be filed under seal and shall not become a public record unless unsealed by this Court's order.

9. Nothing in paragraphs 1 through 8 above shall limit officials or employees of the County of Los Angeles or other authorized governmental officials from having access to the Protected Documents if they would have access to such documents in the normal course of their job function(s).

10. Nothing in this Order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the County of Los Angeles with respect to what he or she saw, heard, or otherwise sensed.

    **B.**    **Rights**

        1.    The foregoing is without prejudice to the right of the Petitioner and the Los Angeles County District Attorney to:

            a.    Apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation; and/or

            b.    Apply to the Court for an order compelling production of documents or modification of this Protective Order, or for any order permitting disclosure of documents or the information contained therein consistent with the scope of this Protective Order.

        2.    Petitioner has not waived any right to assert, *inter alia*, that the Los Angeles County District Attorney's Office does not have a legitimate interest or need to limit access to documents reflecting and/or relating to its internal decision making process in Petitioner's case and does not waive his right seeking discovery of these documents.

        3.    Petitioner has not waived his right to seek disclosure of any and all documents in the possession or control of the Los Angeles County District Attorney's Office relating to case number NA000163 on any and all applicable grounds, including but not limited to his rights and guarantees afforded under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

        4.    This Protective Order is entered into without prejudice to the right of any party and/or the Los Angeles County District Attorney's Office to file any motion for relief from the court from any restriction hereof or for any other or further restriction on the production, exchange, or use of any documents, testimony, or other information produced, given, or exchanged in the course of discovery in this

action.

**C. Protocols**

1. The Los Angeles County District Attorney's Office shall place a stamp on each Protected Document that states, **"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER**," and will release said documents within ten court days from the date the Los Angeles County District Attorney's Office is notified that this Protective Order has been entered.

2. If through its inadvertence, surprise, or neglect, the Los Angeles County District Attorney's Office does not label a Protected Document as set forth above, counsel for Petitioner shall notify counsel for the Los Angeles County District Attorney's Office so that the above label may be placed on the Protected Document.

3. Within thirty (30) days of the date an order terminating this litigation becomes final and no longer subject to further judicial review, counsel for Petitioner shall promptly return to the Los Angeles County District Attorney's Office all copies of the Protected Documents and shall certify it has not retained any such documents, or portions thereof except as required by the Court.

4. This Protective Order shall be retroactive to ther date of the initial disclosure of documents made by the Los Angeles County District Attorney's Office in this matter.

5. This Protective Order shall survive the final determination for this action and shall remain in full force and effect after conclusion of all proceedings herein, and the Court shall have continuing jurisdiction to enforce its terms.

///
///

6. This Protective Order may be modified, amended, or vacated by further order of this Court.

**IT IS SO ORDERED.**

Dated: September 24, 2008.

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE